**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRENDA ATENCIO,
On behalf of herself and a class
Of similarly situated persons,

                    Plaintiff,

v.                                                      Case No._____

SOUTHLAND ROYALTY COMPANY, LLC

                    Defendant.

**CLASS ACTION COMPLAINT**

    Plaintiff Brenda Atencio ("Plaintiff"), for her class action complaint against Defendant

Southland Royalty Company, LLC ("Southland"), alleges:

**INTRODUCTION**

    1.    Plaintiff brings this action individually and on behalf of a Class of similarly

situated persons, pursuant to Fed. R. Civ. P. 23(b)(3), consisting of:

> All persons and entities who received royalties since January 1,
> 2015, from an entity other than Southland ("Third Party Operator")
> on the sale of natural gas products produced and sold by the Third
> Party Operator from wells located in the State of New Mexico,
> pursuant to a lease in which Southland owned a portion or all of the
> lessee's interests, and which lease contains a royalty provision
> obligating the lessee to pay royalties based on either: (1) a specified
> percentage of "the proceeds of the gas, as such, for gas from wells
> where gas only is found," ("proceeds royalty provision"); or (2) a
> royalty provision which obligates the lessee to pay royalties based
> upon a specified percentage "of the gross proceeds each year,
> payable quarterly, for the gas from each well where gas only is
> found" ("gross proceeds royalty provision") (collectively "Subject
> Lease Agreements"). Examples of the Subject Lease Agreements
> containing a proceeds royalty provision or a gross proceeds royalty
> provision are attached hereto as Exhibits 1 and 2.

The defined Class excludes: (a) the United States; (b) any person or entity whose only lease agreement[s] with Southland contains a royalty provision[s] stating that the royalty on natural gas production is to be paid based upon "market value at the well", or the "prevailing field market price", or any other "at the well" language; (c) any person or entity who has been a working interest owner in a well located in New Mexico on whose behalf Southland or any other entity on behalf of Southland paid royalties on natural gas produced by Southland in New Mexico; and (d) Southland and its affiliates, and their respective employees, officers and directors.

## PARTIES, JURISDICTION, AND VENUE

2.     This Court has subject matter jurisdiction over this class action case pursuant to 28 U.S.C. § 1332(d)(2), because: (1) this lawsuit is a class action consisting of more than 100 members of the defined class; (2) there are multiple members of the defined Class who are citizens of a state different from the states in which Defendant Southland is deemed to be a citizen; and (3) the aggregate amount in controversy for the Class members' claims against Southland is in excess of $5,000,000, exclusive of interest and costs.

3.     Plaintiff is a resident and citizen of San Juan County, New Mexico, with an interest in a well located in San Juan County, New Mexico, and has been paid royalties on behalf of Southland by an entity other than Southland pursuant to a lease agreement in which Southland owns the lessee's interest.

4.     Defendant Southland is a Delaware limited liability company which has its principal place of business at 400 West 7th Street, Fort Worth, Texas 76102. On information and belief, the members of Southland are citizens of either Colorado or Texas.

5.     This Court has personal jurisdiction over Southland because Southland has conducted substantial business activities in the State of New Mexico, and because Southland holds

the lessee's interests under the Subject Lease Agreements at issue, all of which pertain to leased premises located in the State of New Mexico.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged in this Class Action Complaint occurred in this judicial district.

## CLASS ACTION ALLEGATIONS

7.    The claims of the Plaintiff and Class members against Southland satisfy each requirement for the certification of a Fed. R. Civ. P. 23(b)(3) Class, as set forth below.

8.    The proposed Class is so numerous that joinder of all Class members is impractical.

9.    There are questions of law or fact common to the Class, including: whether Southland was contractually obligated to pay royalties to the Class members based upon the sale proceeds of residue gas, natural gas liquids, and condensate which came from the gas wells which are subject to the Class members' Subject Lease Agreements.

10.    The claims of the Plaintiff against Southland are typical of the claims of the members of the Class against Southland.

11.    The Plaintiffs will fairly and adequately protect the interests of the Class.

12.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

13.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## GENERAL FACTUAL ALLEGATIONS

14.     Since January 1, 2015, Southland has owned some or all of the lessees' interests in more than 300 lease agreements which contain a proceeds royalty provision or a gross proceeds royalty provision as described in Paragraph 1 of this Class Action Complaint.

15.     Some of the lessors and successor lessors under the Subject Lease Agreements receive royalties on the production of natural gas from Third Party Operators. With the consent of Southland, the Third Party Operators operate wells ("Non-Op Wells") which are subject to the Subject Lease Agreements in which Southland owns all or some of the lessee's interest, and pay royalties to the Plaintiff and all Class members on behalf of Southland with respect to the gas produced and sold from the Non-Op Wells. Because Southland retained the lessee's interests under the Subject Lease Agreements, Southland is legally responsible for the royalty payments to the lessors for the full amount of royalties due and under the Subject Lease Agreements, including the royalty underpayments which are the subject of this class action.

16.     On January 9, 1957, Hughlett Smith and Laura L. Smith, as lessors, entered into an oil and gas lease with Northwest Production Corporation, as the lessee ("Smith Lease"). A copy of the Smith Lease is attached hereto as Exhibit 1.  Prior to January 1, 2015, a portion of the lessors' interests under the Smith Lease were assigned to Plaintiff, and Plaintiff has held a portion of the lessors' interests under the Smith Lease through the present.

17.     On or about January 1, 2015, the lessee's interests under the Smith Lease were assigned to Southland.  Southland has held the lessee's interests under the Smith Lease from approximately January 1, 2015 through the present. The Plaintiff receives royalties pursuant to her interests in the Smith Lease from a Third Party Operator, Manana Gas, Inc., and such royalty payments are made to Plaintiff by Manana, Gas, Inc., on behalf of Southland.

4

18.    Prior to January 1, 2015, on information and belief, Southland, or its predecessor, transferred the right to produce gas under the Smith Lease to a Third Party Operator, Manana Gas Inc., although Southland continues to own the lessee's interests under the Smith Lease.

19.    The Smith Lease (Ex. 1) contains a proceeds royalty provision which states, in pertinent part:

> 4. The lessee shall pay lessor, as royalty, one-eighth of the proceeds from the sale of the gas, as such, for gas from wells where gas only is found. . .

20.    The Smith Lease (Ex. 1) also contains the following provision, which is commonly referred to as a "Free Fuel Use" Provision:

> 9. The lessee shall have the right to use, free of cost, gas, oil and water found on said land for its operations thereon, except water from the wells of the lessor.

The Free Fuel Use provision allowed for Southland to use gas as fuel for certain natural gas operations. There are no other provisions in the Smith Lease which allow the lessee to make any other deductions from the proceeds received on the sale of the natural gas produced from the gas wells subject to the Smith Lease.

21.    In addition to the Plaintiff, numerous other members of the Class have Subject Lease Agreements that contain a proceeds royalty provision.

22.    Numerous members of the Class have Subject Lease Agreements which obligate Southland to pay royalties pursuant to the following gross proceeds royalty provision (*See, e.g.*, Ex. 2):

> To pay Lessor one-eighth (1/8) of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found, while the same is being used off the premises, and if used in the manufacture of gasoline a royalty of one-eighth (1/8), payable monthly at the prevailing market rate for gas.

23.    The Lease Agreements that contain the gross proceeds royalty provision also have Free Fuel Use provisions. (*See, e.g.*, Ex. 2).

24.    Under the proceeds royalty provision and the gross proceeds royalty provision, Southland, or any Third Party Operator, is obligated to pay royalties based on the proceeds received on the sale of gas, including residue gas, natural gas liquid products, and condensate, which is produced from Plaintiff's and the Class members' Non-Op Wells. The only allowable deduction which Southland, or any Third Party Operator paying royalties on behalf of Southland, is authorized to take in the calculation and payment of the Class members' royalties is for the use of fuel in connection with certain natural gas operations, as permitted under the Free Fuel Use provisions set forth in the Class members' Subject Lease Agreements.

25.    Natural gas has been continuously produced from Plaintiff's and Class members' Non-Op Wells pursuant to their Subject Lease Agreements since January 1, 2015.

26.    Since January 1, 2015, all of the gas which the Third Party Operators produce from the Non-Op Wells subject to the Class members' Subject Lease Agreements is produced from wells where gas only is found.

27.    On information and belief, since January 1, 2015, the Third Party Operators have had contracts with various third party companies that own gathering systems and processing plants, in which the third party companies gather, compress, and process the raw gas which the Third Party Operators produce from Plaintiff's and the Class members' Non-Op Wells.

28.    Under the above-referenced gathering and processing agreements, the third party gathering and processing companies charge the Third Party Operators for their gathering, compressing, and processing services.  These companies also charge the Third Party Operators fees for its share of the New Mexico Natural Gas Processors Tax ("NGPT"), for transporting the

6

natural gas liquids to fractionation facilities, and for fractionating the extracted natural gas liquids into individual natural gas liquid products (ethane, propane, butane, iso-butane, and pentanes), which are then sold to third party purchasers.

29.    The above-referenced gathering and processing agreements permit the gathering and processing companies to obtain and sell drip condensate produced from Plaintiff's and the Class members' Non-Op Wells, and to retain, as a percentage of proceeds, certain volumes of natural gas liquids (in kind) as part of their processing charges to the Third Party Operator.

30.    After treatment and processing, the gas which comes from the Class members' Non-Op-Wells is converted into residue gas, natural gas liquids and condensate, and is then sold to third party purchasers.

31.    The proceeds received on the sale of gas, natural gas liquids and condensate which comes from Plaintiff's and the Class members' wells are essentially equivalent to the prevailing market price for such natural gas products.

32.    Under the proceeds royalty provision and the gross proceeds royalty provision, Southland, or the Third Party Operators who are paying royalties on behalf of Southland, is contractually obligated to pay royalties based upon a specified percentage of the sales proceeds received on the sale of the gas, including residue gas, individual natural gas liquid products, and condensate, which the Third Party Operators have produced and continue to produce from Plaintiff's and the Class members' Non-Op Wells.

33.    In the calculation and payment of royalties to the Plaintiff and the Class members under the Subject Lease Agreements, the Third Party Operators have not paid royalties on behalf of Southland based upon the sale proceeds received on the sale of residue gas, natural gas liquids, and condensate, to third party purchasers.  Instead, the Third Party Operators deduct various post-

production costs from the sales price of the natural gas products in their calculation and payment of royalties to Plaintiff and the Class.

34.    Because the Third Party Operators calculate and pay royalties to Plaintiff and the Class under the Subject Lease Agreements in the manner referenced above, Southland has breached its contractual obligations to Plaintiff and the Class under the Subject Lease Agreements.

35.    As a direct result of Southland's breaches of the Subject Lease Agreements as described above, the Plaintiff and the members of the Class sustained substantial damages.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

36.    The allegations contained in Paragraphs 1-35, inclusive, are restated and incorporated by reference herein.

37.    Southland breached its obligations to Plaintiff and the Class under the Subject Lease Agreements because the royalties paid by the Third Party Operators on Southland's behalf were not paid based upon the proceeds received on the sale of residue gas, natural gas liquids and condensate which came from the gas wells subject to Plaintiff's and the Class members' Lease Agreements.

38.    As a direct result of the failure to pay royalties based on the proceeds received on the sale of residue gas, natural gas liquids, and condensate which came from wells subject to the Subject Lease Agreements at issue, the Plaintiff and the Class have suffered substantial damages.

**SECOND CLAIM FOR RELIEF**
**(Violations of the New Mexico Oil and Gas Proceeds Payment Act)**

39.    The allegations contained in Paragraphs 1-38, inclusive are restated and incorporated by reference herein.

40.    Pursuant to the New Mexico Oil and Gas Proceeds Payments Act, NMSA 1978 §§ 70-10-1, *et. seq.*, Southland was required to pay Plaintiff and the proposed Class their

proportionate share of the proceeds received on the sale of residue gas, natural gas liquids and condensate which came from the wells subject to the Subject Lease Agreements at issue, and to make such payments either by the date specified in the Subject Lease Agreements, or by a date which was no later than forty-five days after the end of the calendar month in which the sale proceeds were received.

41.    Since January 1, 2015 the Third Party Operators, on behalf of Southland, failed to pay the amount of royalties owed to Plaintiff and the Class on the sales proceeds received on the sale of gas, including residue gas, condensate and individual natural gas liquid products, attributed to Plaintiff's and the Class members' ownership interests in the Non-Op Wells, by the date designated in the Subject Lease Agreements, or within forty-five days after the end of the month in which the sale proceeds on the sale of such gas to third party purchasers were received, and therefore violated the relevant provisions of the New Mexico Oil and Gas Proceeds Payment Act.

42.    Pursuant to NMSA 1978, § 70-10-5, Plaintiff and the Class members should recover from Southland all of the underpaid royalty amounts, together with prejudgment interest at the rate of eighteen percent per annum, from the date of each royalty underpayment through the date of final judgment.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

43.    The allegations contained in Paragraphs 1 through 42, inclusive, are restated and incorporated by reference herein.

44.    A controversy exists between the Plaintiff, the Class, and Southland regarding the correct method for the calculation and payment of royalties to Plaintiff and the Class under the Subject Lease Agreements after the date of final judgment in this case ("future royalties").

45.    Plaintiff requests that the Court enter a declaratory judgment declaring that Southland, and the Third Party Operators on behalf on Southland, are required to pay future royalties to Plaintiffs and the Class under the Subject Lease Agreements, based upon proceeds received on the sale of residue gas, natural gas liquids and condensate to third party purchasers, which come from the Non-Op Wells, less only the deduction permitted under the Free Fuel Use provisions set forth in the Subject Lease Agreements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.    An Order that the claims asserted herein by Plaintiff against Southland, on behalf of the defined Class, be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiff Brenda Atencio be appointed as the Class Representative, and that attorneys George Barton and Stacy Burrows be appointed as Class Counsel;

B.    A judgment in favor of Plaintiff and the Class members on their claim for Southland's breach of the Subject Lease Agreements at issue, in an amount which equals the full amount of the royalty underpayments, plus applicable prejudgment interest through the date of final judgment;

C.    A judgment in favor of Plaintiff and the Class on their claim that Southland has violated NMSA 1978, § 70-10-5 of the New Mexico Oil and Gas Proceeds Payment Act, inclusive of an award of prejudgment interest to Plaintiff and the Class on all of Southland's royalty underpayments, at the rate of eighteen percent per annum, from the effective date of each royalty underpayment through the date of judgment;

D.    An award of attorney's fees to Plaintiff and the Class, pursuant to NMSA 1978, § 70-10-6 of the New Mexico Oil and Gas Proceeds Payment Act;

E.     A declaratory judgment declaring the correct method for Southland's, or the Third Party Operators paying royalties on behalf of Southland, calculation and payment of future royalties to Plaintiffs and the Class under the Subject Lease Agreements at issue, as prayed for in Paragraphs 45 of this Class Action Complaint.

F.     An award of court costs.

## JURY DEMAND

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Dated: October 9, 2019

LAW OFFICES OF GEORGE A. BARTON, P.C.

By:  */s/ George A. Barton*
George A. Barton Mo. Bar No. 26249
Stacy A. Burrows Ks. Bar No. 21310
7227 Metcalf Avenue, Suite 301
Overland Park, KS 66204
(913) 563-6250
gab@georgebartonlaw.com

**ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS**